BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

FRANK J. RIEBLI (CABN 221152)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Frank.Riebli@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 16-382 HSG |
| Plaintiff, | [PROPOSED] |
| v. | **DETENTION ORDER** |
| JOEL SALCEDO, | |
| Defendant. | |

## I.  BACKGROUND

Defendant Joel Salcedo is charged in an indictment with two violations of 21 U.S.C. § 846 (conspiracy to manufacture and distribute marijuana, and conspiracy to distribute and possess with intent to distribute heroin and methamphetamine) and 18 U.S.C. § 922(o) (possession and transfer of a machine gun).  The government moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f).  Pre-Trial Services prepared a bail study.  The parties appeared on September 6, September 23, October 11 and October 27, 2016 for a bail hearing. Defendant was present on each occasion, represented by counsel.  At the hearing on October 27, 2016,

the Court heard both parties' proffers and arguments. For the reasons stated below, the Court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act, 18 U.S.C. § 3142(f), requires that the government prove by a preponderance of the evidence that there are no conditions that reasonably will assure the Defendant's appearance as required, and that the government prove by clear and convincing evidence that there are no conditions which reasonably will assure the safety of the community. In cases such as this, where there is probable cause to believe that the Defendant committed a violation of the Controlled Substances Act and faces a maximum of 10 years or more in prison, there is a rebuttable presumption that no condition or combination of conditions reasonably will assure the Defendant's appearance as required and the safety of the community. 18 U.S.C. § 3142(e)(3)(A). The presumption of detention shifts the burden of production to the defendant; the ultimate burden of persuasion remains with the government. See United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008). The presumption retains evidentiary weight, id., and the defendant must show "some credible evidence" to rebut it, United States v. Chen, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992). Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." Chen, 820 F. Supp. at 1208 (citing United States v. Motamedi, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

In evaluating whether pretrial release is appropriate, the Court considers (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); Motamedi, 767 F.2d at 1407. Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f).

In this case, the government proffered that the Defendant supplied heroin, methamphetamine and marijuana to Oscar Escalante's drug distribution business, and that he was intercepted in telephone

communications discussing the sale of methamphetamine and heroin to Escalante.  The government also proffered evidence that the Defendant had been involved in incidents involving violence on May 13 and June 20, 2004, March 9, 2007 and March 4, 2008, and facts indicating that the incidents in 2004 and 2007 involved extreme violence.  The government further proffered that the defendant had a pending case in San Joaquin County for marijuana cultivation and possession for sale and manufacture of concentrate cannabis, and that the defendant is alleged to have participated in the same conduct in this case while out on bail during the pendency of that case.  The government also proffered that when police searched the defendant's residence on May 1, 2015, they found a bullet proof vest, that the defendant was intercepted on May 14, 2016 in this case discussing his use of a silenced, automatic weapon, and that when police searched his house on August 24, 2016, they found a 30-round rifle magazine, a rifle buttstock and a grip.  The government proffered that the defendant is a convicted felon, and thus is not allowed to possess any firearms.

      The defendant offered to post his own and his mother's real property as security for a bond for his release, with equity totaling $200,000.  The defendant also argued that since the 2008 misdemeanor incident, he has not been arrested or accused of any violent conduct or fighting, and has not been arrested at all aside from the 2015 marijuana case that is currently pending in San Joaquin County.  The defendant proffered that he has been working continuously in the construction industry since his release from custody in 2008 (until a workplace injury in March 2015 prevented him from working), and has a stable living situation with his partner and their seven-year old son.  The defendant further argued that after battling a serious drug addiction in his teens and early twenties, he has been clean from methamphetamine and other narcotics for over eight years (aside from marijuana and alcohol, which he used to treat chronic pain from a 2015 workplace injury, and which, if released, he stated he would not use).  The defendant argued that he has never been affiliated with any gangs, and was classified with the Paisas (non-gang member Latinos) while serving his sentence for the 2004 incident.  Finally, the defendant submitted a letter to the Court in support of his request for pretrial release, along with five other letters from family members.

      Pre-Trial Services found that conditions might be fashioned to mitigate the risk that the defendant would not appear as directed.  Pre-Trial Services found, however, that in light of the

defendant's history, including a violent incident in his past, his failure to disclose the extent of his current drug and alcohol use and his family members' apparent inability to exert sufficient moral suasion over him, that there were no conditions that could mitigate the risk of danger to the community if the defendant were released.

### III. CONCLUSION

In light of the Defendant's history, the nature and circumstance of the instant offense and the weight of the evidence, the Court finds that the Defendant has not rebutted the presumption that he presents a danger to the community, and that there are no conditions or combinations of conditions which reasonably would assure the safety of the community if the Court released the Defendant. For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court or the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: ~~November~~ December 5, 2016

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge