1

2

3

4                     UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    USA,                                 Case No. 16-cr-00382-HSG-1

              Plaintiff,
8                                         **ORDER DENYING DEFENDANT JOEL
                                          SALCEDO'S MOTION TO REVOKE
9         v.                              DETENTION ORDER**

10   OSCAR VLADIMIR ESCALANTE,            Re: Dkt. No. 127

              Defendant.
11

12        Defendant Joel Salcedo is charged with two violations of 21 U.S.C. § 846 (2012)

13   (conspiracy to manufacture, distribute, and possess with intent to distribute 100 or more marijuana

14   plants, 100 grams or more of heroine, and 50 grams or more of methamphetamine) and 18 U.S.C.

15   § 922(o) (2012) (possession and transfer of a machine gun).  Dkt. No. 10 at 8.  Currently pending

16   before the Court is Defendant's motion to revoke the detention order entered on December 5, 2016

17   by Magistrate Judge Kandis A. Westmore, pursuant to 18 U.S.C. § 3145.  Dkt. No. 127.  The

18   government opposed the motion, Dkt. No. 139, and Defendant replied, Dkt. No. 144.  Applying

19   the *de novo* standard of review, the Court independently determines whether Defendant's

20   detention is appropriate, without any deference to Judge Westmore's evidentiary findings or her

21   ultimate conclusion.  *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).

22        The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50 (2012), requires that the government

23   prove by a preponderance of the evidence that there are no conditions that reasonably will assure

24   the Defendant's appearance as required, and that the government prove by clear and convincing

25   evidence that there are no conditions which reasonably will assure the safety of the community.

26   *See id.* § 3142(f); *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990).  Where there is

27   probable cause to believe that the defendant violated the Controlled Substances Act and faces a

28   maximum of 10 years or more in prison, there is a rebuttable presumption that no condition or

United States District Court
Northern District of California

1   combination of conditions reasonably will assure the defendant's appearance as required and the

2   safety of the community.  18 U.S.C. § 3142(e)(3)(A).  The presumption of detention shifts the

3   burden of production to the defendant; the ultimate burden of persuasion remains with the

4   government.  *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  The presumption

5   retains evidentiary weight, *id.*, and the defendant must show "some credible evidence" to rebut it,

6   *United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992).  Close cases should result in

7   release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved

8   in favor of the defendant, the court is to rule against detention in close cases."  *Id.* at 1208 (citing

9   *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

10          In evaluating whether pretrial release is appropriate, the Court considers (1) the nature and

11   circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of

12   the person (including his character, physical and mental condition, family ties, employment,

13   financial resources, length of residence in the community, community ties, past conduct, history

14   relating to drug and alcohol abuse, criminal history, and record concerning appearance at court

15   proceedings), and (4) the nature and seriousness of the danger to any person or the community

16   posed by the person's release.  18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

17          The Court has carefully reviewed the papers filed in connection with this motion, including

18   a transcript of the October 27, 2016 detention hearing before Judge Westmore reflecting the

19   parties' respective oral proffers.  Based on this review, the Court finds that the matter is suitable

20   for resolution without oral argument, and independently reaches the same conclusion as Judge

21   Westmore.  Without granting Judge Westmore's ruling any deference, the Court agrees that in

22   light of Defendant's history, the nature and circumstances of the instant offense and the weight of

23   the evidence, Defendant has not rebutted the presumption that he presents a danger to the

24   community, and that there are no conditions or combinations of conditions which reasonably

25   would assure the community's safety if he were released.  The Court finds it highly significant that

26   the government has proffered evidence that Defendant was involved in incidents involving

27   violence on May 13 and July 20, 2004, March 9, 2007 and March 4, 2008.  The July 2004 incident

28   in particular, in which Defendant repeatedly stabbed a woman in the head and body with a

United States District Court
Northern District of California

barbeque fork, and punched, bit, choked and head-butted her, involved extreme violence.  The Court also finds it highly significant that the government proffered evidence that when police searched the defendant's residence on May 1, 2015, they found a bulletproof vest; that the defendant was intercepted on May 14, 2016 on a wiretapped phone call discussing his use of a silenced, automatic weapon; and that when police searched his house on August 24, 2016, they found a 30-round rifle magazine, a rifle buttstock and a grip.  Based on its review of the totality of the record, the Court therefore **DENIES** Defendant's motion to revoke Judge Westmore's order of detention pending trial.  The hearing set for February 6, 2017 is **VACATED**.

   **IT IS SO ORDERED.**

Dated:  1/30/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

3