1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney

2  HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  FRANK J. RIEBLI (CABN 221152)
   KATHERINE L. WAWRZYNIAK (CABN 252751)
5  Assistant United States Attorney
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       FAX: (510) 637-3724
        Frank.Riebli@usdoj.gov
8       Katherine.Wawrzyniak@usdoj.gov
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOEL SALCEDO,<br><br>    Defendant. | Case No. CR 16-382 HSG<br><br>GOVERNMENT'S EX PARTE APPLICATION AND<br><br>[PROPOSED]<br><br>ORDER PERMITTING DISCLOSURE OF GRAND JURY TESTIMONY AND MATERIAL |

The government hereby applies ex parte for an order, pursuant to Federal Rule of Criminal Procedure 6(e), authorizing the government to disclose to defense counsel in the above-captioned matter the grand jury testimony of witnesses whom the government intends to call at trial. This application is necessitated by the disclosure provisions of the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 6(e).

Federal Rule of Criminal Procedure 6(e)(3)(E) provides in part that "[t]he Court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter (i) preliminarily to or in connection with a judicial proceeding." The Court's power to order disclosure is discretionary and may be exercised upon a showing of need and a finding that disclosure is

EX PARTE APPLICATION AND [PROPOSED] ORDER
CR 17-00025 JD

required by the ends of justice.  <u>In re William H. Pflaumer & Sons, Inc.</u>, 53 F.R.D. 464, 470 (E.D. Pa. 1971); <u>see</u> <u>also</u> <u>United States v. Procter & Gamble Co.</u>, 356 U.S. 677, 682 (1958).

In <u>U.S. Industries, Inc. v. United States District Court</u>, 345 F.2d 18 (9th Cir. 1965), the Ninth Circuit observed that disclosure should be liberally allowed when the traditional policies underlying grand jury secrecy are no longer served.  The court held that when the reasons for the policy of secrecy "do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosures should not be required to demonstrate a large compelling need." <u>Id.</u> at 21.

The Ninth Circuit listed five policy considerations underlying the need for grand jury secrecy:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosures of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

<u>Id.</u> at 22 (quoting <u>United States v. Amazon Ind. Chem. Corp.</u>, 55 F.2d 254 (D. Md. 1931)); <u>accord</u> <u>Procter & Gamble Co.</u>, 356 U.S. at 681-82, n.6.

In this case, the policy considerations requiring secrecy apply with diminished force.  The defendants have already been indicted, and the matter has been set for trial on October 22, 2018.  <u>See</u> <u>In re William H. Pflaumer & Sons, Inc.</u>, 53 F.R.D. at 470 (stating, "once a grand jury has concluded its work, the courts have, to some degree, relaxed the secrecy principle").  The members of the grand jury that indicted this case have already finished their term of service, so disclosure of the transcripts will not lead to improper efforts to influence the grand jurors in their deliberations.  Further, the government will ask that the Court permit the government to produce those transcripts as "CONFIDENTIAL" materials, under the existing protective order.  This will provide additional protection to the witnesses who testify (and thus minimize tampering a chilling effect on future grand jury witnesses) by ensuring that the materials are not copied or distributed beyond defense counsel's respective offices.

Moreover, disclosure of the grand jury testimony and materials here is in the interest of justice because it will permit defendant's counsel to have Jencks material in advance of trial pursuant to 18 U.S.C. § 3500.

EX PARTE APPLICATION AND [PROPOSED] ORDER
CR 16-382 HSG                                                2

Accordingly, the government moves this Court to issue an order permitting the government to disclose grand jury testimony and material (including exhibits) of witnesses in this case to defendant's counsel.

DATED: April 23, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
FRANK J. RIEBLI
KATHERINE L. WAWRZYNIAK
Assistant United States Attorneys

### [PROPOSED] ORDER

Having considered the United States' Application for an Order Permitting the Disclosure of Grand Jury Testimony and Material, it is hereby ORDERED that the attorneys for the United States may, at their discretion, disclose to defendant's counsel the grand jury testimony and material (including exhibits) of witnesses in this case, pursuant to the Jencks Act, 18 U.S.C. § 3500, et seq., and Federal Rule of Criminal Procedure 16(a)(1). The government may mark these transcripts "CONFIDENTIAL," subject to the applicable provisions in the existing Protective Order.

DATED: 4/24/2019

HON. HAYWOOD S. GILLIAM, JR.
United States District Judge