UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| USA,<br><br>                  Plaintiff,<br><br>          v.<br><br>JOEL SALCEDO,<br><br>                  Defendant. | Case No.  16-cr-00382-HSG-5<br><br>**ORDER DENYING DEFENDANT'S SECOND MOTION IN LIMINE**<br><br>Re: Dkt. No. 851 |

Pending before the Court is Defendant Joel Salcedo's second motion *in limine*, filed by Defendant on May 11, 2019.  Dkt. No. 851.  The Government responded on May 14, 2019.  Dkt. No. 852.  Having carefully considered the parties' arguments, the Court **DENIES** Defendant's second motion *in limine*.

Defendant moves *in limine* to exclude call logs and texts reflecting communications between Defendant and Oscar Escalante between April 3, 2015 and May 23, 2015, contending that such evidence would unfairly prejudice Defendant because the information predates September 29, 2015, which he characterizes as the "starting time of the indictment."  Dkt. No. 851 at 2.  The Government intends to use the call logs and texts to prove Defendant's involvement in the charged drug conspiracies.  Dkt. No. 852 at 4.  Defendant posits that the calls are not relevant because the evidence "at best" would only establish that Defendant and Escalante knew each other, and that Escalante was looking for a house to rent.  Dkt. No. 851 at 2.  The Court disagrees, and finds that the calls and texts meet the "any tendency" relevance threshold under Federal Rule of Evidence 401 with regard to the alleged conspiracies.  Moreover, the probative value of this evidence is not substantially outweighed by a danger of unfair prejudice or any of the other harms listed in Federal Rule of Evidence 403.

Defendant also argues that because the calls and texts do not "fall within the starting date of the conspiracy," the introduction of such evidence would result in a prejudicial variance from the indictment. Dkt. No. 851 at 2, 4. A variance occurs "when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Von Stoll*, 726 F.2d 584, 586 (9th Cir. 1984) (citations omitted). Contrary to Defendant's assertions, the calls and texts would not prove facts materially different from those alleged in the indictment. *See id*. The Second Superseding Indictment ("SSI") does not characterize September 29, 2015 as the starting date of the conspiracy. Dkt. No. 851 at 1, 4. Rather, the SSI expressly states that the Count 1 marijuana conspiracy began "on a date unknown to the Grand Jury, but no later than September 29, 2015, and continu[ed] through at least August 24, 2016." Dkt. No. 842. Call logs and texts from March and April 2015 are thus admissible as direct proof that Defendant was part of the charged conspiracy with an "unknown [ ] but no later than September 29, 2015" start date. *See id*.

In addition, the Ninth Circuit has held that evidence which pre- or post-dates a charged conspiracy's approximate period is admissible to prove the conspiracy. *See, e.g.*, *United States v. Lai*, 944 F.2d 1434, 1439 (9th Cir. 1991) (evidence from 1982 and November 1985 admissible when defendant was charged with conspiracy beginning "at a time unknown to the Grand Jury and continuing to in or about October 1985," because the evidence "can properly be considered to have occurred within the time frame of the conspiracy charged in the indictment"); *United States v. Rohrer*, 708 F.2d 429, 435 ("Possession of items found little more than one year [after the alleged conspiracy] is admissible"); *United States v. Uriarte*, 575 F.2d 215, 216–17 (9th Cir. 1978) (1972 arrest was admissible as evidence of a conspiracy charge with no set starting date). Defendant articulates no reason that these cases do not control here, and the Court finds none.

//

//

//

//

The Court finds that the challenged evidence is admissible and that its introduction would not constitute an impermissible variance from the indictment. The Court therefore **DENIES** Defendant's second motion *in limine*.

    **IT IS SO ORDERED.**

Dated:  5/15/2019

                                    HAYWOOD S. GILLIAM, JR.
                                    United States District Judge

United States District Court
Northern District of California