UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

               Plaintiff,

      v.

JOEL SALCEDO,

           Defendant.

Case No.  16-cr-00382-HSG-5

**FINAL JURY INSTRUCTIONS**

## INSTRUCTION NO. 1: DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## INSTRUCTION NO. 2: CHARGE AGAINST DEFENDANT NOT EVIDENCE

## PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The Second Superseding Indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

**INSTRUCTION NO. 3: REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**INSTRUCTION NO. 4: WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received in evidence; and

(3) any facts to which the parties have agreed.

United States District Court
Northern District of California

**INSTRUCTION NO. 5: WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, said in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 6: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. 7: CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 8: DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

**INSTRUCTION NO. 9: STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

## INSTRUCTION NO. 10: TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from witnesses who pleaded guilty to a crime or crimes arising out of the same events for which the defendant is on trial, and who may receive a benefit from the government in connection with this case. The witnesses' guilty pleas are not evidence against the defendant, and you may consider them only in determining these witnesses' believability.

For these reasons, in evaluating the testimony of these witnesses, you should consider the extent to which or whether their testimony may have been influenced by these factors. In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

**INSTRUCTION NO. 11: OPINION EVIDENCE, EXPERT WITNESS**

You have heard from DEA Special Agent Erik Wolf and ATF Brian Heishman, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinions, and all the other evidence in the case.

**INSTRUCTION NO. 12: SUMMARIES NOT RECEIVED IN EVIDENCE**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

United States District Court
Northern District of California

**INSTRUCTION NO. 13: CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

United States District Court
Northern District of California

**INSTRUCTION NO. 14: BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it was necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. The purpose of those conferences was not to keep relevant information from you, but to decide how certain evidence was to be treated under the rules of evidence and to avoid confusion and error.

Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

United States District Court
Northern District of California

## INSTRUCTION NO. 15: STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

**INSTRUCTION NO. 16: ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Second Superseding Indictment. The defendant is not on trial for any conduct or offense not charged in the Second Superseding indictment.

**INSTRUCTION NO. 17: SPECIAL INSTRUCTION RE WIRETAP TRANSCRIPTS**

You have heard some recordings of wiretapped conversations. The recordings have been received in evidence. Some of the recordings were entirely in English, while others were a mixture of English and Spanish. The parties prepared transcripts of the recordings to help you identify speakers and as a guide to help you listen to the recording.

Please bear in mind that for the English portion of the calls, the recording is evidence, not the transcript. If you heard something in English that was different from what appeared in the transcript, what you heard is controlling.

For the Spanish portion of the calls, however, the official English translation in the transcript is the evidence. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

At the end of the trial, you will be allowed to take the transcripts for the mixed language recordings back with you to the jury room. Please remember that only the English translations of the Spanish portions of the conversation are evidence. The English transcription is merely for context.

Defendant Joel Salcedo is charged in Count One of the Second Superseding Indictment with conspiracy to manufacture, distribute, and possess with intent to distribute a Schedule I controlled substance, to wit, 100 or more marijuana plants or 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, in violation of Sections 841(a)(1), (b)(1)(B), and Section 846 of Title 21 of the United States Code. In order for defendant Salcedo to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than September 29, 2015, and continuing through August 24, 2016, both dates being approximate and inclusive, there was an agreement between two or more persons to manufacture, to distribute, or to possess with intent to distribute marijuana; and

Second, defendant Salcedo joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of marijuana to another person, with or without any financial interest in that transaction.

To "possess with the intent to distribute" means to possess with intent to deliver or transfer possession of marijuana to another person, with or without any financial interest in the transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

//
//
//
//
//

United States District Court
Northern District of California

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in Count One of the Second Superseding Indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy or the names, identities, or locations of all of the other members. A conspiracy may exist even though some of its members are not known to one another. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

# INSTRUCTION NO. 19: POSSESSION—DEFINED

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

# INSTRUCTION NO. 20: KNOWINGLY—DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

United States District Court
Northern District of California

## INSTRUCTION NO. 21: DETERMINING AMOUNT OF CONTROLLED SUBSTANCE FOR COUNT ONE

If you find the defendant Joel Salcedo guilty of the charge in Count One of the Second Superseding Indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of marijuana equaled or exceeded 100 plants or 100 kilograms of a mixture and substance containing a detectable amount of marijuana. Your determination of weight must not include the weight of any packaging material.

Your decision as to weight must be unanimous.

The government does not have to prove that the defendant knew the quantity of marijuana.

## INSTRUCTION NO. 22: COUNT TWO—CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE 500 GRAMS OR MORE OF METHAMPHETAMINE, 100 GRAMS OR MORE OF HEROIN

Defendant Joel Salcedo is charged in Count Two of the Second Superseding Indictment with conspiracy to distribute and possess with intent to distribute a Schedule II controlled substance, to wit, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, and a Schedule I controlled substance, to wit, 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of Sections 841(a)(1), (b)(1), and Section 846 of Title 21 of the United States Code. In order for defendant Salcedo to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than December 2, 2015, and continuing through August 24, 2016, both dates being approximate and inclusive, there was an agreement between two or more persons to distribute or to possess with intent to distribute methamphetamine and/or heroin; and

Second, defendant Salcedo joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of methamphetamine and/or heroin to another person, with or without any financial interest in that transaction.

To "possess with the intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine and/or heroin to another person, with or without any financial interest in the transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

//

//

//

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in Count Two of the Second Superseding Indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy or the names, identities, or locations of all of the other members. A conspiracy may exist even though some of its members are not known to one another. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**INSTRUCTION NO. 23: DETERMINING AMOUNT OF CONTROLLED**

**SUBSTANCE FOR COUNT TWO**

If you find the defendant Joel Salcedo guilty of the charge in Count Two of the Second Superseding Indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of the mixture or substance containing methamphetamine equaled or exceeded 500 grams and that the mixture or substance containing heroin equaled or exceeded 100 grams. Your determination of weight must not include the weight of any packaging material.

Your decision as to weight must be unanimous.

The government does not have to prove that the defendant knew the quantity of methamphetamine or heroin.

**INSTRUCTION NO. 24: BUYER-SELLER RELATIONSHIP**

A buyer-seller relationship between a defendant and another person, standing alone, cannot support a conviction for conspiracy. The fact that defendant Joel Salcedo may have bought marijuana from Oscar Escalante or another person or sold marijuana, methamphetamine, or heroin to Oscar Escalante or another person is not sufficient without more to establish that the defendant was a member of the charged conspiracy. Instead, a conviction for conspiracy requires proof of an agreement to commit a crime beyond that of the mere sale.

In considering whether the evidence supports the existence of a conspiracy or the existence of a buyer-seller relationship, you should consider all the evidence, including the following factors:

(1) whether the sales were made on credit or consignment;

(2) the frequency of the sales;

(3) the quantity of the sales;

(4) the level of trust demonstrated between the buyer and the seller, including the use of codes;

(5) the length of time during which the sales were ongoing;

(6) whether the transactions were standardized; and

(7) whether the parties advised each other on the conduct of the other's business;

(8) whether the buyer assisted the seller by looking for other customers;

(9) and whether the parties agreed to warn each other of potential threats from competitors or law enforcement.

These are merely a list of relevant factors to aid you in analyzing the evidence; the presence or absence of any single factor is not determinative.

**INSTRUCTION NO. 25: COUNT THREE—POSSESSION AND TRANSFER OF A
MACHINEGUN**

Defendant Joel Salcedo is charged in Count Three of the Second Superseding Indictment with knowingly possessing and transferring a machinegun, to wit, a Glock 19C 9mm pistol, serial number FUN536, in violation of Section 922(o) of Title 18 of the United States Code.  To find defendant Salcedo guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First that on or about May 14, 2016, defendant Salcedo knowingly possessed or transferred a machinegun; and

Second, defendant Salcedo knew, or was aware of, the essential characteristics of the firearm which made it a machinegun.

A machinegun is defined as any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.  The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of such person.

**INSTRUCTION NO. 26: ON OR ABOUT—DEFINED**

The Second Superseding Indictment charges that the offense alleged in Count Three was committed "on or about" certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the Second Superseding Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

# INSTRUCTION NO. 27: DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

# INSTRUCTION NO. 28: CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website, through social media, or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 29: USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 30: JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for the crimes is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**INSTRUCTION NO. 31: VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

# INSTRUCTION NO. 32: COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**IT IS SO ORDERED.**

Dated: 5/28/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge